IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY T. DINO, et al., : | |
| : | Civil Action No. 1:08-cv-01493 |
| **Plaintiffs,** : | |
| : | (Chief Judge Yvette Kane) |
| v. : | |
| : | |
| COMMONWEALTH OF : | |
| PENNSYLVANIA, DEPARTMENT OF : | |
| CORRECTIONS and JEFFREY A. : | |
| BEARD, PH.D., in his personal capacity : | |
| and in his official capacity as Secretary : | |
| of Corrections, : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM**

Pending before the Court are Defendants' motion for judgment on the pleadings, or in the alternative, for summary judgment (Doc. No. 17); Plaintiffs' "Motion for Discovery under Rule 56(f) and in Opposition to Defendants' Motion for Summary Judgment" (Doc. No. 24); and the parties' supporting briefs (Doc. Nos. 18, 26).[1]

In their brief in opposition, Plaintiffs concede that an action directly against the Commonwealth is barred by the Eleventh Amendment. (Doc. No. 26 at 12.) Therefore, the

---

[1] Also pending before the Court are motions to strike filed by Plaintiffs (Doc. No. 25) and Defendants (Doc. No. 28) regarding affidavits attached by the opposing parties to their supporting briefs (Doc. Nos. 18, 26). The Court will make specific rulings on the admissibility of the affidavits to the extent that the Court relies on them in this memorandum and order. The affidavits will be deemed moot to the extent that the Court does not rely on them. See Wallace v. Johnson & Johnson, -- F.3d --, 2009 WL 3294841, at *5 n.3 (1st Cir. Oct. 14, 2009) (noting that, like the district court, it would not rely on the parties' affidavits in making its determination regarding summary judgment and would therefore regard the motions to strike as moot). Plaintiffs have also filed a Rule 56(f) motion to allow for more discovery on the qualified immunity issue (Doc. No. 24), which, in line with this Court's memorandum and order, will be granted.

1

Court will grant Defendants' motion to dismiss the Commonwealth without further analysis. However, the Court must still address whether Defendant Beard is entitled to immunity in either his official or individual capacity. The Court finds that Defendant Beard is not entitled to immunity in his official capacity and that further briefing is required as to whether he should be afforded qualified immunity. Therefore, the Court will deny Defendants' motion for judgment on the pleadings as to Plaintiffs' claims against Defendant Beard, but grant Defendants' motion as to the remaining claims.

**I.     BACKGROUND**

On August 8, 2008, this case was brought by Plaintiffs against the Commonwealth of Pennsylvania's Department of Corrections ("the Commonwealth") and Secretary of Corrections Jeffrey A. Beard, Ph.D ("Defendant Beard"). Plaintiffs filed a collective action to enforce the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., against the Commonwealth and against Defendant Beard in his official and personal capacities. (Doc. No. 1.) Specifically, Plaintiffs allege that they were or are employed by the Commonwealth's Department of Corrections in the job classification of Corrections Officers 3 ("CO3s"). (Id. ¶ 36.) Plaintiffs contend that they should be classified as "non-exempt" for FLSA overtime purposes and are entitled to cash compensation for hours worked in overtime. (Id. ¶ 50.)

Defendant Beard answered the Complaint on November 14, 2008, asserting various affirmative defenses, including the defense that he is immune from suit pursuant to the Eleventh Amendment and the doctrine of qualified immunity. (Doc. No. 11.)

**II.    STANDARD OF REVIEW**

Defendants move to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure

12(c), or in the alternative, seek summary judgment under Rule 56(b). Rule 12(d) provides that, in the event the Court considers evidence outside of the pleadings, a motion under Rule 12(b)(6) or Rule 12(c) must be treated as one under Rule 56. Fed. R. Civ. Pro. 12(d). The parties have been given reasonable time to present material pertinent to the motion, which the Court has reviewed. Therefore, the motion will be considered under a summary judgment standard.

Rule 56 provides that summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Norfolk S. Ry. Co. v. Basell USA, Inc., 512 F.3d 86, 91 (3d Cir. 2008) (quoting Fed. R. Civ. P. 56). In making its determination, the Court must view the facts "in the light most favorable to the nonmoving party." Id.

Additionally, the Court notes that the Supreme Court has directed that issues of qualified immunity should be resolved as early in litigation as possible. See Pearson v. Callahan, – U.S. –, 129 S. Ct. 808, 815 (2009) (noting that the Supreme Court has "made clear that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery") (internal citations and alterations omitted).

## III. DISCUSSION

Plaintiffs seek declaratory relief against Defendant Beard, who is sued both in his official capacity as the Commonwealth's Secretary for Corrections and in his individual capacity. Defendant Beard argues that he is entitled to immunity in his official capacity under the Eleventh Amendment and to qualified immunity in his individual capacity. The Court will address each

claim in turn.

    A.    **Official Capacity**

The Supreme Court has made clear that the Eleventh Amendment bars federal courts from entertaining suits by private parties against states. Alden v. Maine, 527 U.S. 706, 752 (1999). Generally, Eleventh Amendment immunity also extends to state officials sued in their official capacity because in such a case the state is the real party in interest. Melo v. Hafer, 912 F.2d 628, 635 (3d Cir.1990) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)). "Eleventh Amendment immunity is, however, subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002).

Plaintiffs argue that Eleventh Amendment immunity is inapplicable here based on the third exception, the doctrine of Ex parte Young, 209 U.S. 123 (1908). "In Ex Parte Young, the Supreme Court carved out an exception to Eleventh Amendment immunity by permitting citizens to sue state officials when the litigation seeks only prospective injunctive relief in order to end continuing violations of federal law." Balgowan v. State of New Jersey, 115 F.3d 214, 217 (3d Cir. 1997). "The doctrine applies to violations of the United States Constitution and to violation of federal statutes." Hess, 297 F.3d at 323. In determining whether the Young doctrine applies, a court need only go through the straight-forward inquiry of whether (1) the complaint alleges an ongoing violation of federal law and (2) whether the complaint seeks relief properly characterized as prospective. Id. at 324. "However, Young does not apply if, although the action is nominally against individual officers, the state is the real, substantial party in interest and the

suit in fact is against the state." Id. "[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997) (citation and internal quotation marks omitted).

In Balgowan, the Third Circuit addressed a case with similar facts to the one at bar. In that case, New Jersey Department of Transportation ("DOT") engineers brought FLSA overtime compensation claims against the New Jersey DOT Commissioner. 115 F.3d at 217-18. The Third Circuit noted that it would not have jurisdiction over claims for injunctive relief, since FLSA limited such claims to those brought by the United States Secretary of Labor. Id. at 218. However, the appellate court allowed the engineers' compensation claims to proceed against the commissioner under the Young doctrine because the engineers were seeking prospective declaratory relief. Id.

Like the DOT engineers in Balgowan, Plaintiffs have claims for declaratory relief that fall within the Young exception. First, Plaintiffs allege that Defendant Beard has violated the FLSA by failing to pay them "time and a half" for time worked in excess of the maximum hours per week period. (Doc. No. 1 ¶ 47-50.) Second, Plaintiffs seek prospective declaratory relief: a ruling that they are nonexempt employees under the FLSA and are entitled to compensation for excess hours worked. (Doc. No. 1 at 15-16.)

Defendant Beard asserts that the Young doctrine does not apply to him since the Commonwealth is the real party in interest. Yet Plaintiffs call for prospective relief that does not include recovery of money from the state. Specifically, Plaintiffs assert that Beard can: (1)

5

remind the Commonwealth to uphold the law, (2) schedule and deploy CO3s to avoid the need for overtime, (3) direct subordinate Commonwealth staff to comply with the FLSA, or (4) resign his position. (Doc. No. 26, at 11.)

The Court finds that Plaintiffs have adequately alleged that Defendant Beard falls within the Young exception. This comports with the reasoning behind Young. Specifically,

> "[t]he theory behind Young is that a suit to halt the enforcement of a state law in conflict with the federal constitution is an action against the individual officer charged with that enforcement and ceases to be an action against the state to which sovereign immunity extends; the officer is stripped of his official or representative character and becomes subject to the consequences of his individual conduct. . . . The Young doctrine is accepted as necessary to permit federal courts to vindicate federal rights and to hold state officials responsible to the 'supreme authority of the United States.'"

Hess, 297 F.3d at 323 (quoting MCI Telecomm. Corp. v. Bell Atlantic-Pa., 271 F.3d 491, 506 (3d Cir. 2001) (citations omitted)).

Because Plaintiffs' allegations against Defendant Beard in his official capacity fall within the Young exception, Defendant Beard's motion on the pleadings for immunity based on his official capacity will be denied.

**B.  Individual Capacity**

Defendant Beard next asserts that he is entitled to qualified immunity in his individual capacity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, – U.S. –, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In Saucier v.

6

Katz, 533 U.S. 194, 201 (2001), the Supreme Court set forth a two-tiered analysis to assist in determining whether a defendant is entitled to qualified immunity:

> First, a court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.

Pearson, 129 S. Ct. at 815-16 (citing Saucier, 533 U.S. 194) (internal citations removed). In Pearson, the Supreme Court clarified that the order of the Saucier analysis was flexible, and that a court should "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Bayer v. Monroe County Children and Youth Services, 577 F.3d 186, 191-92 (3d Cir. 2009) (quoting Pearson, 129 S. Ct. at 818).

Whether Defendant Beard should be afforded qualified immunity is likely to turn on the second Saucier prong of whether the right at issue was clearly established. In Bayer, the Third Circuit outlined the applicable analysis:

> "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202. "This inquiry . . . must be undertaken in light of the specific context of the case, not as a broad general proposition," id. at 201, and "turns on the 'objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.'" Pearson, 129 S. Ct. at 822 (quoting Wilson v. Layne, 526 U.S. 603, 614 (1999) (internal quotation marks omitted)) . . . .

Bayer, 577 F.3d at 192-93. "To be established clearly, however, there is no need that 'the very action in question [have] previously been held unlawful.'" Safford Unified School Dist. No. 1 v.

7

Redding, – U.S. –, 129 S. Ct. 2633, 2643 (2009) (quoting Wilson v. Layne, 526 U.S. 603, 615 (1999)).

In the present case, the parties dispute whether the CO3 positions at the Department of Corrections should be exempted from the FLSA. The FLSA exempts from its overtime pay requirements "any employee employed in a bona fide executive, administrative, or professional capacity." See 29 U.S.C. § 213(a)(1). The Code of Federal Regulations defines executive employees as those (1) who receive compensation "of not less than $455 per week"; (2) whose "primary duty" is the management of the enterprise in which the employee is employed or of a customarily recognized department thereof; (3) who customarily and regularly direct the work of two or more other employees; and (4) who have the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given "particular weight." 29 C.F.R. § 541.100(a).

The Court is without the necessary facts regarding the CO3 positions in this case to determine whether their status as non-exempt was clearly established and whether it should have been clear to Defendant Beard that a failure to categorize them as such was unlawful in the situation he confronted. The Court notes that Defendant Beard points to a number of factors that help to support his position that he acted reasonably. First, his position was consistent with the Commonwealth's analysis that police lieutenants were exempt under the FLSA. (Doc. 18-4, Ex. A-2.) Additionally, the Commonwealth's Office of Administration had classified the CO3 position as exempt from the FLSA for approximately 30 years. (Doc. No. 18-2, Ex. A ¶ 7.)[2]

---

[2] In relying on this exhibit, the Court finds that the exhibit is not hearsay since it is not offered to prove the legality of Defendant's actions, but instead is offered to show Defendant Beard's state of mind. See Fed. R. Evid. 801.

However, absent further factual evidence regarding the pay, duties, and administrative responsibilities given to the CO3s the Court is unable to determine "whether a right is clearly established [by] whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202. Therefore, the Court will allow the parties limited discovery on the qualified immunity issue in order to assist the Court in making such a determination.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendant Beard does not have immunity in his official capacity. As a result, Defendant Beard's motion on the pleadings as to Count I will be denied. As to Count II, the Court will allow the parties discovery in order to brief the Court as to whether Defendant Beard should be granted qualified immunity. An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**JAY T. DINO, et al.,** :

|                                             | :  | Civil Action No. 1:08-cv-01493 |
| ------------------------------------------- | -- | ------------------------------ |
| **Plaintiffs,**                             | :  |                                |
|                                             | :  | (Chief Judge Yvette Kane)      |
| **v.**                                      | :  |                                |
|                                             | :  |                                |
| **COMMONWEALTH OF**                         | :  |                                |
| **PENNSYLVANIA, DEPARTMENT OF**             | :  |                                |
| **CORRECTIONS and JEFFREY A.**              | :  |                                |
| **BEARD, PH.D., in his personal capacity**  | :  |                                |
| **and in his official capacity as Secretary** | :  |                              |
| **of Corrections,**                         | :  |                                |
|                                             | :  |                                |
| **Defendants.**                             | :  |                                |

## ORDER

**AND NOW**, this 4th day of December 2009, upon consideration of Defendants' motion for judgment on the pleadings, or in the alternative, for summary judgment (Doc. No. 17), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. Defendants' motion (Doc. No. 17) is **DENIED** with respect to the claims against Defendant Jeffrey A. Beard.

2. Defendants' motion (Doc. No. 17) is **GRANTED** with respect to all remaining claims. Accordingly, the claims against Defendant Commonwealth will be **DISMISSED**.

3. Plaintiffs' motion to strike (Doc. No. 25) and Defendants' motion to strike (Doc. No. 28) are **DISMISSED AS MOOT**.

4. Plaintiff's motion for more discovery pursuant to Rule 56(f) as to the issue of whether Defendant Beard should be afforded qualified immunity (Doc. No. 24) is **GRANTED**.

5. The Court's order staying the case is lifted.

6. A Scheduling Conference will be conducted by the Court on December 21, 2009, at 10:30 a.m.. Plaintiffs' counsel shall initiate this telephone conference. The telephone number of the Court is 717-221-3990. The primary purpose of this conference will be to establish case management deadlines to enable this action to

go forward as effectively as possible.

7. The Clerk of Court shall withhold entry of judgment pending the conclusion of this action or further order of the Court.

/s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania