IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY T. DINO, et al., : | |
|     Plaintiffs, : | No. 1:08-cv-01493 |
| : | |
| v. : | |
| : | (Chief Judge Yvette Kane) |
| COMMONWEALTH OF : | |
| PENNSYLVANIA, et al. : | |
|     Defendants : | |

**MEMORANDUM**

On August 8, 2008, Plaintiff Jay T. Dino and twenty-six other named plaintiffs initiated this action by filing a complaint against the Commonwealth of Pennsylvania, Department of Corrections (DOC), and then-Secretary of Corrections, Jeffrey A. Beard, under the collective action provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. (Doc. No. 1.) Now before the Court is a joint motion for an order granting approval of the parties' settlement agreement and dismissing this action with prejudice. (Doc. No. 115.) For the reasons stated more fully herein, the Court will grant the motion.

**I.    BACKGROUND**

Twenty-seven plaintiffs, all current or former employees of the Pennsylvania DOC who hold or have held the position of Corrections Officer III (CO3), brought this FLSA collective action against the Commonwealth of Pennsylvania and Jeffrey A. Beard, Ph.D., on August 8, 2008, alleging that Defendants failed to properly compensate them and similarly situated employees in Pennsylvania for overtime by forcing them to accept compensatory time in lieu of overtime payment for hours worked over 40 in a workweek. (Doc. No. 1.) On December 4, 2009, the Court dismissed Plaintiffs' claims against the DOC, holding that it was immune from

1

suit under the Eleventh Amendment. (Doc. No. 41.) Defendant Beard denies any alleged violations of law and any liability, asserting that the executive and administrative exemptions of the FLSA defeat Plaintiffs' claims for overtime compensation, that DOC has properly compensated Plaintiffs, and that Defendant Beard is entitled to qualified immunity. (Doc. No. 115-1 at 2.) Moreover, Defendant contends that if the case were to be further litigated, collective action treatment would be inappropriate and that Defendant would prevail on the merits. (Id.)

On April 19, 2010, the Court granted the parties' joint motion for conditional certification, and approval of notice to potential opt-in Plaintiffs. (Doc. No. 51.) The Court conditionally certified this case as a class action, and Plaintiffs' counsel provided notice to all persons who are or were employed by the DOC as a CO3 within the three years preceding the April 19, 2010 order that they could opt in to the lawsuit. 250 individuals opted into the action, but three of the opt-ins later withdrew from the action. (Doc. Nos. 61, 66.) Thus, the conditional class currently consists of 247 present and former CO3s.

On October 25, 2011, Defendant Beard filed a motion for sanctions against members of the conditional class, seeking various sanctions for a number of Plaintiffs who allegedly provided deficient responses to written discovery requests or failed to respond altogether. (Doc. No. 81.) The motion remains pending before the Court; however, the Court stayed discovery and disposition of the motion pending referral of the matter to a judicial settlement officer to supervise settlement discussions between the parties. (See Doc. Nos. 86, 87.) Beginning in March 2012, the parties engaged in seven full-day mediation sessions and telephonic discussions with Magistrate Judge Martin C. Carlson. In January 2013, the parties reached a settlement, and they submitted a settlement agreement to the Court for approval on July 19, 2013. (Doc. Nos.

2

110, 111, 115-3.) Following arms-length negotiations, the parties propose the following settlement:

    (a) Monetary Terms of Settlement. Defendant Commonwealth will pay Class Members, Named Plaintiffs, Class Leaders and Plaintiffs' Counsel a Total Settlement Payment of Five Hundred Thousand Dollars ($500,000.00). This is an amount agreed to among the parties to compromise, settle and satisfy the disputed claims of Named Plaintiffs and the Opt-in Plaintiffs for all amounts potentially recoverable in an FLSA collective action. These payments are in settlement of all amounts sought in this litigation and break down as follows:

    (i) Two Hundred Forty Seven (247) members in the conditionally certified class who will be compensated on a per capita basis in the amount of $1,270.45 per plaintiff, for a total of $313,800.

    (ii) Twenty-seven (27) Named Plaintiffs, who will be compensated in the amount of $500 per named plaintiff, for a total of $13,500;

    (iii) Six (6) Class Leaders, who will be compensated in the amount of $3,000 per Class Leader, for a total of $18,000;

    (iv) $4,700 for litigation costs;

    (v) $150,000 for attorneys' fees, subject to approval by the Court;[1]

    (vi) All payments in subparts (i)-(iii) will be less applicable taxes at the appropriate rate and are contingent on the individual plaintiff (or his/her representative in the case of death) signing the acknowledgement of release set forth in paragraph 6 below; if the individual (or representative) does not sign the acknowledgement, the payment(s) will revert to the Department of Corrections.

---

[1] The parties have agreed that Plaintiffs' counsel will separately petition the Court for approval of the attorneys' fees and cost set forth in the settlement agreement.

(b) In addition, for any plaintiff who is an active CO3 and whose compensatory time bank exceeds 100 hours as of the date the Court approves the settlement, the Department of Corrections has indicated that it will pay such plaintiff at his/her current hourly rate for each such hour in excess of 100 as of the date of payment processing, and will reduce the compensatory time bank to 100 hours.

(c) Non-Monetary Terms of Settlement. DOC will establish the following policies, both of which are subject to the DOC's discretion to amend or modify said policy(ies) in the future, particularly in light of budget constrain[t]s and/or changes of administration:

    (i) Disciplinary Suspension Policy. DOC will issue an amended Disciplinary Suspension Policy, to be applied in all State Correctional Institutions ("SCIs"), specifying that partial workweek suspensions of CO3s will be handled in strict compliance with the FLSA.

    (ii) Compensatory Time Policy. DOC will adopt a new Compensatory Time Policy applicable to CO3s in all SCIs that:

        (1) Governs the payment of overtime as follows:

            (a) CO3s will have the option to receive cash at the rate of one and one-half times the CO3's regular rate for up to 32 premium hours worked (i.e. overtime or holiday if worked) per fiscal year.

            (b) The Department of Corrections retains the discretion to adopt policies and directives from time-to-time for each SCI regarding the degree of discretion the SCI has to pay for additional premium hours in the form of cash (as compared to compensatory time), for example the current 88-hour discretionary policy.

            (c) The policy will provide for a maximum accrual in one's

4

compensatory leave bank of 240 hours of compensatory leave. If a CO3 works overtime that would result in compensatory leave over 240 hours, he/she shall be paid cash overtime for those excess hours.

(2) Allows CO3s to use their compensatory time within a reasonable period upon request, subject to DOC's right to schedule CO3s' compensatory time off and to deny requests based on operational and/or staffing needs.

(3) Provides that a CO3 who is promoted to a CO4 position will carry his/her accrued compensatory time bank into the new position.

(4) Provides that an individual who separates from Commonwealth employment as a CO3 will receive payment of up to 240 hours of his or her accrued and unused compensatory leave bank, paid out at 100% of the CO3's hourly base rate of pay as of the separation date.

(d) Additional terms of the Settlement. The settlement will acknowledge that the Compensatory Time Policy constitutes an agreement to pay compensatory time within the meaning of the FLSA. The settlement agreement will acknowledge that CO3s are properly classified as exempt under the FLSA.

(Doc. No. 115-1 at 6-10.)

## II. LEGAL STANDARD

Claims arising under the FLSA may be settled where either the Secretary of Labor supervises an employer's payment of unpaid wages to employees or a district court enters a stipulated judgment after scrutinizing a proposed settlement for fairness. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). In the latter

situation, a district court may enter a stipulated judgment after determining that the proposed settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1354. In the absence of direct guidance from the United States Court of Appeals for the Third Circuit regarding the applicable standard for assessing settlement agreements under the FLSA, district courts in this circuit have referred to the considerations set forth in Lynn's Food Stores. See, e.g., Brumley v. Carmin Cargo Control, Inc., No. 08-cv-1798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (collecting cases). Under Lynn's Food Stores, a proposed settlement agreement resolves a bona fide dispute where it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute" and is not a "mere waiver of statutory rights brought about by an employer's overreaching." 679 F.2d at 1354. In scrutinizing the agreement for reasonableness and fairness, courts generally proceed in two steps, first considering whether the agreement is fair and reasonable to the plaintiff-employees and, if found to be fair and reasonable, then considering whether it furthers or "impermissibly frustrates" the implementation of the FLSA in the workplace. Brumley, 2012 WL 1019337, at *4; Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

### III. DISCUSSION

The parties contend that their proposed settlement agreement is fair and reasonable because it resolves a number of disputes over legal and factual issues, including Eleventh Amendment immunity, qualified immunity, the potential that compensatory time would offset a substantial number of overtime hours, and Plaintiffs' status as exempt employees under the FLSA. Moreover, the parties recognize that Defendant's pending motion for sanctions calls into

question the participation of a substantial number of the Plaintiffs in this lawsuit, all of whom are entitled to payment under the proposed settlement. (Doc. No. 115-1 at 13.) Despite these legal and factual hurdles that Plaintiffs would need to overcome, Defendant has agreed to the proposed settlement in order to avoid the expenses of further litigation, which he described as contrary to his best interests. (Id.) While Plaintiffs dispute Defendant's arguments on the merits, they agree that the disputed issues illustrate why the proposed settlement is fair, reasonable, and adequate under the circumstances, recognizing the expense of trial and possible appeals. (Id. at 13-14.)

The Third Circuit has not addressed the factors that district courts should consider in assessing the fairness and reasonableness of an agreement settling a FLSA collective action, but district courts in this circuit have applied the factors set forth in Girsh v. Jepson, 521 F.3d 157 (3d Cir. 1975), for approving class action settlements under Rule 23 of the Federal Rules of Civil Procedure. See, e.g., Brumley, 2012 WL 1019337, at *4-*5 (collecting cases). The nine Girsh factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risk of establishing damages; (6) risk of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

521 F.2d at 157-58 (citation omitted).

Applying the Girsh factors to the parties' proposed settlement agreement, the Court finds that the agreement is fair and reasonable. The agreement reasonably compromises disputed issues by compensating Plaintiffs for their FLSA claims and, by agreeing to a settlement at this

7

time, the parties will avoid the costs of a potentially lengthy and complex trial as well as potential appeals. Moreover, a settlement agreement appears to be a prudent course of action because Plaintiffs would need to overcome a number of legal hurdles, including, inter alia, the potential application of the doctrine of qualified immunity and Defendant's pending motion for sanctions, resolution of which could result in the dismissal of some of the opt-in Plaintiffs from this action. Additionally, counsel for the parties have thoroughly litigated this action, having conducted extensive discovery and fully briefed several motions, demonstrating an appreciation of the merits and risks of proceeding to trial before negotiating the settlement agreement. Finally, the fact that the parties participated in extensive case discussions over the course of seven days during mediation with Judge Carlson weighs heavily in favor of a finding that the parties are fully apprised of the strengths and weaknesses of their positions such that the proposed settlement is fair and reasonable. The Court is satisfied that the proposed settlement is the product of good faith arms' length negotiations and resolves a bona fide dispute between the parties.

**IV. CONCLUSION**

For the foregoing reasons, the Court finds that the parties' proposed settlement agreement is fair and reasonable and does not frustrate the implementation of the FLSA in the workplace. Therefore, the Court will grant the parties' joint motion for an order granting approval of the parties' settlement agreement. An order consistent with this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY T. DINO, et al.,<br>    Plaintiffs,<br><br>v.<br><br>COMMONWEALTH OF<br>PENNSYLVANIA, et al.<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   No. 1:08-cv-01493<br><br>(Chief Judge Yvette Kane) |

## ORDER

**AND NOW**, on this 7th day of August 2013, **IT IS HEREBY ORDERED THAT** the joint motion for an order granting approval of the settlement and dismissing the case with prejudice (Doc. No. 115) is **GRANTED**, and the parties' proposed settlement agreement (Doc. No. 115-3) is **APPROVED**. The Clerk of Court is directed to close the case, subject to the right of Plaintiffs' counsel to file his fee petition and subject to either party's right to request Court intervention to address issues related to implementation of the agreement for a period of sixty calendar days following the date of this order.

                                                        S/ Yvette Kane
                                                        Yvette Kane, Chief Judge
                                                        United States District Court
                                                        Middle District of Pennsylvania