IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY T. DINO, et al., | : | |
|     Plaintiffs, | : | No. 1:08-cv-01493 |
| | : | |
| v. | : | |
| | : | (Judge Kane) |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

Plaintiffs move the Court to approve its proposed award of attorneys' fees in the above-captioned action brought under the Fair Labor Standards Act (FLSA). (Doc. No. 121.) Plaintiffs' motion is unopposed. For the reasons that follow, the Court will grant Plaintiffs' motion to the extent that it approves $150,000.00 in fees and $1,545.40 in costs.

**I. BACKGROUND**

Plaintiffs filed the above-captioned class action in this Court on August 8, 2008. (Doc. No. 1.) In their complaint, Plaintiffs alleged that Defendants, Commonwealth of Pennsylvania Department of Corrections and Jeffrey A. Beard, failed to properly compensate them and similarly situated employees by forcing them to accept compensatory time in lieu of overtime payment for weekly hours worked beyond 40. (Id.) The parties eventually reached a settlement and submitted a copy of their proposed settlement agreement on July 19, 2013. (Doc. No. 115.) On August 8, 2013, the Court approved the proposed settlement agreement. (Doc. No. 118.) Plaintiffs timely filed this separate motion for approval of the award of attorneys fees and costs outlined in the settlement agreement. (Doc. No. 121.)

**II. DISCUSSION**

1

Pursuant to the Fair Labor Standards Act, the Court is authorized to award "a reasonable attorney's fee to be paid by the defendant, and costs of the action," in addition to any judgment awarded to the plaintiffs. 29 U.S.C. § 216(b). To arrive at a "reasonable attorneys' fee award," courts in FLSA cases generally use the lodestar method. Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001). Calculating the lodestar requires multiplying the number of hours reasonably expended on the case by a reasonable hourly rate. Maldonado v. Houston, 256 F.3d 181, 184 (3d Cir. 2001). The court may then adjust the lodestar, by means of a "multiplier" or an "enhancement," to reflect the contingent nature of the litigation and the quality of services rendered by counsel. In re Fine Paper Antitrust Litig., 751 F.2d 562, 583–84 (3d Cir. 1984). Because the language of the FLSA contemplates that the plaintiff-employee should receive his full wages, plus penalty, without incurring any expense for legal fees or costs, the FLSA requires the Court to evaluate the reasonableness of counsel's legal fees to assure both that counsel is adequately compensated and no conflict of interest taints the amount the wronged employee recovers under the settlement agreement. Polin v. Gen. Dynamics Shared Res., Inc., No. 09-58, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010).

Plaintiffs' counsel asserts that he spent in excess of 389 hours working on this case, and that his paralegal spent 85 hours working on this case, resulting in a lodestar amount of $123,750.00. (Doc. No. 121 at 5-6.) The fee breaks down as follows:

| | | | |
|---|---|---|---|
| 1. | Frank P. Clark: | 389.30 hours at $285.00 per hour | $110,950.50 |
| 2. | Paralegal: | 85.50 hours at $150.00 per hour | $12,825.00 |
| | Totals: | 474.80 hours | $123,775.50 |

Plaintiffs' counsel submitted a request for attorney's fees in the amount of $150,000.00

2

and costs of up to $4,700.00, which counsel argues is reasonable given the circumstances of the case. Counsel asserts that it represents less than 31% of the overall funds set aside for the monetary provisions of the Settlement, and it yields a 1.25 lodestar multiple of the fee. The Court will first examine whether the number of hours expended on this litigation was reasonable, and then proceed to whether the hourly rates are reasonable, and finally, address the requested costs.

### A. Reasonable Hours

To determine the number of hours used in calculating the lodestar, courts must exclude hours that are "excessive, redundant, or otherwise unnecessary." McKenna v. City of Phila., 582 F.3d 447, 455 (3d Cir. 2009). Despite the calculated lodestar amount, the court has "discretion in determining the amount of a fee award." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). This discretion extends to an independent review of the requested fees to determine if they were reasonably incurred: "[t]he district court should exclude from this initial fee calculation hours that were not reasonably expended." Id. at 434. However, the court may not sua sponte reduce a fee award. Bell v. United Princeton Props., Inc., 884 F.2d 713, 719 (3d Cir. 1989).

On reviewing the parties' records, the Court finds that the hours expended in this matter are reasonable. Plaintiffs' counsel submitted contemporaneous and standardized time records that identify the general subject matter of each time expenditure. The Court finds that the hours cover important matters in litigating the action, and they are not excessive, redundant, or otherwise unnecessary. (Doc. No. 121-2.) Therefore, the Court will approve the number of hours submitted by Plaintiffs' counsel.

### B. Hourly Rates

The reasonable hourly rate is calculated "according to the prevailing market rates in the community." Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997). When determining the proper hourly rate, in addition to prevailing market rates, the Court must consider the skill and experience of the prevailing parties' attorneys. Id. The party seeking attorneys' fees bears the burden of producing sufficient evidence of what constitutes a reasonable market rate. Evans v. Port Auth. Of N.Y. and N.J., 273 F.3d 346, 361 (3d Cir. 2001). If a party fails to meet that burden, the district court may exercise its discretion in fixing a reasonable hourly rate. Washington v. Phila. Cnty. Ct. of Com. Pl., 89 F.3d 1031, 1036 (3d Cir. 1996). However, the district court cannot "decrease a fee award based on factors not raised at all by the adverse party." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The starting point in ascertaining a reasonable hourly rate "is the attorney's usual billing rate, but this is not dispositive." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001). The absence of objections by class members supports the approval of the fee petition. In re Linerboard Antitrust Litig., MDL 1261, 2004 WL 1221350, at *5 (E.D. Pa. June 2, 2004).

Plaintiff has failed to provide the Court with any evidence of what constitutes a reasonable market rate for these legal services in this location. Thus, the Court will fix a reasonable hourly rate. Washington, 89 F.3d at 1036. This Court finds that the following hourly rates provided by counsel: $285 per hour for Frank P. Clark, and $150 per hour for a paralegal, are reasonable, particularly in light of Clark's 32 years of experience, the complex nature of FLSA claims, the contingency basis undertaken by counsel, and that there are no objections to the fee. Accordingly, the Court will approve the hourly rate proposed by Plaintiffs' counsel. See Maldonado, 256 F.3d at 187-88.

C. **Adjusting the Lodestar**

After arriving at the lodestar figure, a district court may, in certain circumstances, adjust the award upward or downward to reflect the particular circumstances of a given case. See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 338-40 (3d Cir. 1998). Multipliers and adjustments may reflect the risks of non-recovery facing counsel, serve as an incentive for counsel to undertake socially beneficial litigation, or reward counsel for an extraordinary result. See id. at 340. Courts must take care to explain how the application of a multiplier is justified by the facts of a particular case. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award.").

Multiplying the hours billed and the hourly rate determined by the Court to be reasonable yields a lodestar figure of $123,775.50. Counsel, however, seeks fees of $150,000.00, which represents a lodestar multiplier of approximately 1.21. The Court finds this reasonable, based on the circumstances of the case. See In re Prudential, 148 F.3d 283, 341 (recognizing that "multiples ranging from one to four are frequently awarded" when the lodestar method is applied). Counsel represented Plaintiffs throughout and negotiated a settlement that is beneficial to the Class members. (Doc. No. 120.) As a class action under the FLSA, the litigation was complex, and as it was on a contingency basis, Counsel undertook a substantial risk of nonpayment. Further, Counsel anticipates that he and his paralegal will need to spend unknown additional hours in the course of implementing the terms of the settlement. (Doc. No. 121 ¶ 19.) Thus, the Court finds that use of a lodestar multiplier of 1.21 is justified in this particular case, as it is a "reflection of the risks assumed by class counsel in taking the case on a contingency basis,

5

and the level of skill [brought] to this complex litigation."[1] See Bredbenner v. Liberty Travel, Inc., No. 09-cv-905, 2011 WL 1344745 (D.N.J. 2011).

**D.      Costs**

Lastly, the Court addresses counsel's request for costs and expenses incurred. "Counsel for a class action is entitled to reimbursement for expenses adequately documented and reasonably and appropriately incurred in the prosecution of the class action." In re AremisSoft Corp. Sec. Litig., 210 F.R.D. 109, 135 (D.N.J. 2002) (citing Abrams v. Lightolier, Inc., 50 F.3d 1204, 1225 (3d Cir.1995)). The settlement provides for the payment of costs not to exceed $4,700.00. (Doc. No. 115.) Accordingly, Plaintiff's counsel seeks reimbursement for costs "up to" $4,700.00. (Doc. No. 121 at 7.)

First, to the extent Plaintiffs' counsel seeks reimbursement of $1,545.40 for expenses already incurred in the litigation of this action (Doc. No. 121-2 at 14.), the Court will approve this request. In support, counsel has submitted an itemized list of costs incurred including those for travel, postage, and research. (Id.) Based on Counsel's submissions, the Court finds that these expenses are adequately documented, reasonable, and appropriate for the litigation of this matter, and will grant an award of costs in the amount of $1,545.40.

In addition, Counsel indicates that he reasonably anticipates incurring amounts up to an additional $3,200.00 in implementing the settlement agreement, including expenses such as printing, reproduction, and mailing notices to 247 members of the class. (Id, at ¶ 22.) It is true

---

[1] Regarding counsel's assertion that the fee is also reasonable because it represents around 31% of the overall funds set aside for the monetary provisions of the Settlement, the Court agrees. See In re Ikon Office Solutions, Inc. Securities Litigation, 194 F.R.D. 166, 194 (E.D. Pa. 2000) (observing that acceptable fee percentages in civil actions "appear to fall in the range of nineteen to forty-five percent").

that photocopying expenses, postage, and messenger and express mail service charges are generally considered reasonably incurred in connection with the prosecution of a large litigation. In re AremisSoft, 210 F.R.D. at 135; Abrams v. Lightolier, 50 F.3d at 1225; Cullen v. Whitman Medical Corp., 197 F.R.D. 136, 151 (E.D. Pa. 2000). Although the Court does not doubt that counsel will incur expenses in implementing the terms of the settlement, these expenses are speculative and undocumented and the Court can not ascertain precisely whether these expenses will be "reasonably and appropriately incurred." See In re AremisSoft, 210 F.R.D. at 135. Accordingly, the Court will not approve costs beyond the documented $1,545.40.

### III. CONCLUSION

Having reviewed Counsel's submissions (Doc. No. 121-2), the Court finds that Plaintiffs' requested attorneys' fees in the amount of $150,000.00 and documented costs in the amount of $1,545.40 are reasonable and therefore merit approval. An order consistent with this memorandum follows.